WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
McCOY LAW FIRM, P.C.
111 Maiden Lane, 6th Floor
San Francisco, CA 94108
Telephone: (415) 675-7705
Facsimile: (415) 675-2530

Attorney for Plaintiff,
LUIS CASTRO, JR.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CASTRO, JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC, a corporation, and DOES 1-10,<br><br>Defendants. | Case No.<br><br>UNLIMITED JURISDICTION<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **National Origin Discrimination in Violation of Title VII of the Civil Rights Act of 1964**<br>2. **Retaliation in Violation of Title VII of the Civil Rights Act of 1964**<br>3. **National Origin Discrimination in Violation of California's Fair Employment and Housing Act, Cal. Gov. Code § 12900 *et seq*. (FEHA)**<br>4. **Retaliation in Violation of California's Fair Employment and Housing Act, Cal. Gov. Code § 12900 *et seq*. (FEHA)**<br>5. **Wrongful Termination in Violation of Public Policy**<br>6. **Intentional Infliction of Emotional Distress**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, LUIS CASTRO, JR. ("Castro" or "Plaintiff"), complains of Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("FedEx" or "Defendant"), and DOEs 1-10 for the following claims and causes of action:

1

COMPLAINT FOR DAMAGES

**JURISDICTION AND VENUE**

1.   This Court has federal question jurisdiction over this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. ("Title VII"), and supplemental jurisdiction under 28 U.S.C. § 1367 over two state law causes of action.

2.   Venue is proper in this Court as the unlawful employment practices complained of occurred in this state, pursuant to 42 U.S.C. § 2000e-5(f)(3).

3.   Plaintiff has been damaged in excess of the jurisdictional amount of this Court.

**THE PARTIES**

4.   Plaintiff is a Hispanic-American residing in Poway, CA, and previously employed by FedEx as a Senior Manager in Ukiah, CA.

5.   Defendant FedEx is a corporation registered to conduct business in the State of California, and is an employer of more than five hundred persons.

6.   DOEs 1-10 are fictitious names being used to sue any unidentified persons who may be in some manner responsible for the unlawful acts, omissions, events, occurrences, and happenings alleged herein, and who are the proximate cause of the Plaintiff's injuries.

7.   Plaintiff is informed and believes and thereon alleges that all times mentioned herein, each of the Defendants was acting as the partner, agent, servant, and employee of each remaining Defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining Defendants, and that each Defendant is responsible for the occurrences, acts and omissions of each other Defendant complained of herein.

**STATEMENT OF FACTS**

8.   The Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 7 above.

9.   Plaintiff was a qualified and capable employee for Defendant for over 26 years. Plaintiff began working for Defendant when he was 19 years old as an entry level package handler. Plaintiff continued to work his way up, and was promoted seven different times for Defendant. His most recent position was Senior Manager for Defendant's Ukiah, CA location.

10.    In May 2016, after being promoted to Senior Manager for the Ukiah, CA location, Plaintiff was awarded Pickup and Delivery Manager of the year based on his previous role. During the course of Plaintiff's career with Defendant, Plaintiff received above satisfactory performance reviews and never received any discipline.

11.    As Senior Manager of the Ukiah, CA location, Plaintiff worked with independent contractors hired by Defendant in the shipment of packages. When Plaintiff initially started his role as Senior Manager, he noticed that the independent contractors that Defendant employed at the Ukiah, CA location were not coding all undeliverable packages correctly. Plaintiff immediately had a meeting with three different Independent Service Providers ("ISPs") to address the concern. Subsequently, Plaintiff reported this issue to his manager. As a result of Plaintiff's attention to detail, all the coding issues were addressed and fixed.

12.    In August 2016, Plaintiff learned that the industrial park where Defendant's Ukiah, CA location is located in had been known to have cartel activity involving the other businesses in the area. Plaintiff immediately notified Human Resources of the concern, and Human Resources shared the information to Plaintiff's Manager, Patrick McCoy.

13.    In October 2016, Plaintiff was informed that one of his employees, Korey Williams, called Defendant's alert line to report racial harassment by ISP employee, Rachael Seivertson. Once hearing of this, Plaintiff immediately notified his Human Resources business partner, Jackie Billups, and asked her if she was notified yet. Ms. Billups said she was not notified, but would follow up with Mr. Williams and visit the location for an investigation. The next morning, Plaintiff had a meeting with Mr. Williams to discuss his complaint. Plaintiff assured Mr. Williams that Human Resources would be contacting him and performing an investigation.

14.    Plaintiff continued to follow up with Ms. Billups regarding Mr. Williams' complaint and investigation, and Ms. Billups assured him that everything was fine and that she was in contact with Mr. Williams. However, Ms. Billups never visited the Ukiah, CA location to do an investigation, and when Plaintiff followed up again with Ms. Billups about the investigation, she said the case was closed and that everything was fine. Plaintiff never received any details about

3

Ms. Billups findings and the result of the investigation. Plaintiff continued to urge Mr. Williams to bring any complaints to his attention if he continued having issues with Ms. Seiverston.

15.   In May 2017, Mr. Williams reported to Plaintiff that Ms. Seiverston was again racially harassing him, and using racial slurs towards him and other employees for Defendant. Plaintiff immediately reported the incident to his Human Resources partner, Kevin Tyler. Mr. Tyler took Plaintiff's statement and reported the information to the Contractor Relations department.

16.   On July 25, 2017, Plaintiff was approached by ISP Anthony Armanino, and he complained that he was attacked by Ms. Seiverston after he wrote "wash me" on the back of her truck. Plaintiff immediately reported the incident to Director of Contractor Relations, Jason Dennis. Mr. Dennis told Mr. Castro to report the incident to Defendant's Head of Security for the Northern District of California, Robert Tarte. Plaintiff informed Mr. Tarte of the incident, and Mr. Tarte came to the site to do an investigation.

17.   Plaintiff informed Mr. Armanino that an investigation of the incident was going to be conducted. After being informed by Plaintiff, Mr. Armanino contacted contractor Chi Chang, as he was concerned that his contract may be on the line due to the incident. Once the investigation was completed, Plaintiff was informed that Defendant's findings of the incident between Mr. Armanino and Ms. Seiverston was just "horse play." Neither Ms. Seiverston or Mr. Armanino received any discipline nor were terminated.

18.   In August 2017, a full investigation of Mr. Williams' May 2017 complaint against Ms. Seivertson was conducted on site by Contractor Relations specialist Deena Enenga. Ms. Enenga interviewed several employees, including Plaintiff and other ISP drivers. Within two months the investigation was completed, and Ms. Seiverston was removed from providing services for Defendant effective September 15, 2017. Through the investigation it was found that Ms. Seiverston was bragging that she had sexual relations with about seven of Defendant's drivers and used racial slurs.

19.   On December 26, 2017, Plaintiff's Manager, Mr. McCoy, met with Plaintiff and notified him that Defendant would be terminating his employment. Plaintiff was shocked and confused as to why he was being terminated as he was satisfactorily performing all his duties within his role,

and that he had a long-standing career with the company without any discipline. Plaintiff was informed by Mr. McCoy that his termination stemmed from the incident he reported about Ms. Seivertson and that the workplace became "toxic." Plaintiff asked Mr. McCoy about a more specific reason for termination, and he was told to look up Defendant's policy 010 and 020. Plaintiff, however did not create a toxic work place environment, as there were complaints made to Defendant about Ms. Seivertson's harassment prior to Plaintiff being promoted to Senior Manager of the Ukiah, CA location.

20.   Plaintiff was never received a verbal or written warning, never demoted or offered to be transferred to another location, and never received an opportunity to be placed on a Performance Improvement Plan (PIP). No other similarly situated non-Hispanic employee for Defendant received similar treatment. As a result of Plaintiff's wrongful termination, he has suffered extreme emotional distress in the form of depression, anxiety, stress and insomnia.

**FIRST CAUSE OF ACTION**
**National Origin Discrimination in Violation of**
**Title VII of the Civil Rights Act of 1964**
**42 U.S.C. § 2000e *et seq.***
(Against all Defendants)

21.   Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 20 above.

22.   Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, it is an unlawful employment practice to discriminate against an employee on account of his national origin.

23.   Plaintiff is of Hispanic descent and is part of a protected class under Title VII.  Plaintiff received disparate treatment by Defendant due to his Hispanic origin. No other similarly situated non-Hispanic employee for Defendant was terminated without getting a warning or being placed on a PIP for similar conduct alleged herein.

24.   As a direct and proximate result of Defendant's discriminatory conduct as alleged herein, Plaintiff has suffered loss of and continues to suffer substantial loss of earnings and related employment benefits in an amount to be proven at trial.

5

25.   As a further proximate result of Defendant's discriminatory actions against Plaintiff as alleged herein, Plaintiff has suffered severe emotional distress in the form of depression, anxiety, stress and insomnia.

26.   The Plaintiff is informed and believes and thereon alleges that Defendant's acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of the Plaintiff's rights. As such, punitive damages are warranted against Defendant in order to punish him and make an example of their actions.

27.   Plaintiff duly filed an administrative charge with the Department of Fair Employment and Housing (DFEH). The DFEH has issued a notice of right to sue thereon authorizing Plaintiff to initiate a civil action against Defendant. Plaintiff has exhausted all of his administrative remedies herein, and this action is been timely filed.

**SECOND CAUSE OF ACTION**
**Retaliation in Violation of**
**Title VII of the Civil Rights Act of 1964**
**42 U.S.C. § 2000e *et seq.***
(Against all Defendants)

28.   Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 27 above.

29.   Plaintiff was, at all times herein, an employee covered by 42 U.S.C. § 2000e, *et seq.*, prohibiting discrimination in employment on the basis of national origin. Defendant was, at all times herein, an employer subject to 42 U.S.C. 2000e, *et seq*.

30.   Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), it is an unlawful employment practice for an employer to retaliate against an employer who opposes unlawful discriminatory conduct.

31.   As alleged herein, Plaintiff opposed unlawful discriminatory conduct, including but not limited to, complaining to his superiors about an ISP employee driver, Rachael Seivertson, for her racial harassment in the workplace.

32.   Defendant retaliated against Plaintiff for opposing unlawful discrimination by terminating his employment without a warning or being placed on a PIP.

6

COMPLAINT FOR DAMAGES

33.   As a direct result of the acts and conduct of Defendant as alleged herein, Plaintiff has suffered loss of and continues to suffer substantial loss of earnings and related employment benefits in an amount to be proven at trial.

34.   As a further proximate result of Defendant's discriminatory actions against Plaintiff as alleged herein, Plaintiff has suffered severe emotional distress in the form of depression, anxiety, stress and insomnia.

35.   The Plaintiff is informed and believes and thereon alleges that Defendant's acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of the Plaintiff's rights. As such, punitive damages are warranted against Defendant in order to punish him and make an example of their actions.

**THIRD CAUSE OF ACTION**
**National Origin Discrimination in Violation of FEHA**
**Gov't Code § 12940 *et seq.***
(Against all Defendants)

36.   The Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 35 above.

37.   Pursuant to the California Government Code § 12940(a) an employer is barred from discriminating against an employee based on their national origin.

38.   Plaintiff is of Hispanic descent and is therefore part of a protected class under FEHA. Plaintiff received disparate treatment by Defendant due to his Hispanic origin. No other similarly situated non-Hispanic employee for Defendant was terminated without getting a warning or being placed on a PIP for similar conduct alleged herein.

39.   As a direct and proximate result of the acts and conduct of Defendant as alleged herein, Plaintiff has suffered loss of earnings, related employment benefits, and other economic damages in the amount to be proven at trial.

40.   As a further proximate result of Defendant's discriminatory actions against Plaintiff as alleged herein, Plaintiff has suffered severe emotional distress in the form of depression, anxiety, stress and insomnia.

COMPLAINT FOR DAMAGES

41.   The Plaintiff is informed and believes and thereon alleges that Defendant's acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of the Plaintiff's rights. As such, punitive damages are warranted against Defendant in order to punish him and make an example of their actions.

///

///

///

### FOURTH CAUSE OF ACTION
### Retaliation in Violation of FEHA
### Gov't Code § 12940 *et seq.*
(Against all Defendants)

42.   Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 41 above.

43.   Pursuant to the California Government Code § 12940(h) an employer is barred from retaliating against an employee who complains of racial discrimination.

44.   As alleged herein, Plaintiff vigorously opposed unlawful discriminatory conduct, including but not limited to, complaining about ISP employee driver Rachael Seiverston and her racially discriminatory behavior towards other employees. Defendant retaliated against Plaintiff's complaints by terminating his employment without any warning or being given the opportunity to be placed on a PIP.

45.   As a direct and proximate result of the acts and conduct of Defendant as alleged herein, Plaintiff has suffered loss of earnings, related employment benefits, and other economic damages in the amount to be proven at trial.

46.   As a further proximate result of Defendant's discriminatory actions against Plaintiff as alleged herein, Plaintiff has suffered severe emotional distress in the form of depression, anxiety, stress and insomnia.

47.   The Plaintiff is informed and believes and thereon alleges that Defendant's acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of the Plaintiff's rights.

COMPLAINT FOR DAMAGES

As such, punitive damages are warranted against Defendant in order to punish him and make an example of their actions.

### FIFTH CAUSE OF ACTION
### Wrongful Termination In Violation of Public Policy
(Against all Defendants)

48.    Plaintiff incorporates by reference the factual allegations in paragraphs 1 through 47 above.

49.    It is the clearly established public policy of the State of California that employees be free of national origin discrimination and retaliation under California Constitution, Article I, Section 8.

50.    The California Government Code § 12940 also sets forth this policy which prohibits employers from discriminating against employees based on their national origin and retaliating against them for complaining of racial discrimination.

51.    Defendant wrongfully terminated Plaintiff in violation of public policies of the State of California.

52.    As a proximate result of the acts and conduct of Defendant as alleged herein, Plaintiff has suffered loss of earnings, related employment benefits, and other economic damages in the amount to be proven at trial.

53.    As a further proximate result of Defendant's discriminatory actions against Plaintiff as alleged herein, Plaintiff has suffered severe emotional distress in the form of depression, anxiety, stress and insomnia.

54.    The Plaintiff is informed and believes and thereon alleges that Defendant's acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of the Plaintiff's rights. As such, punitive damages are warranted against Defendant in order to punish him and make an example of their actions.

### SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
(Against all Defendants)

55.    Plaintiff incorporates by reference the factual allegations in paragraphs 1 through 54 above.

9

56.   Defendant's discrimination due to Plaintiff's national origin, retaliation and wrongful termination was extreme and outrageous conduct.

57.   Defendant's conduct was in fact a proximate cause of severe emotional distress for Plaintiff, which includes but is not limited to, depressions, anxiety, stress and insomnia.

58.   As such, the Plaintiff is entitled to recover for all damages proximately caused by Defendant's intentional infliction of emotional distress, including, but not limited to, general damages and special damages.

59.   The Plaintiff is informed and believes and thereon alleges that the Defendant's acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of the Plaintiff's rights. As such, punitive damages are warranted against Defendant in order to punish him and make an example of his actions.

## **PRAYER FOR RELIEF**

WHEREFORE, The Plaintiff prays for relief as follows:

1.   For punitive damages in amounts according to proof against Defendant and DOEs 1-10;

2.   For compensatory, special and general damages in an amount according to proof at trial;

3.   For attorney's fees as provided by law;

4.   For interest as provided by law;

5.   For costs of suit incurred herein; and

6.   For such other and further relief as the court deems fair and just.


Dated: May 5, 2020                          McCOY LAW FIRM, P.C.



_Waukeen McCoy_
WAUKEEN Q. McCOY, Esq.
Attorney for Plaintiff,
LUIS CASTRO, JR.

10

COMPLAINT FOR DAMAGES